Ex Parte Barbé.

Application for a writ of Habeas Corpus,

No. 17.—Decided August 29, 1903.

Habeas Corpus.—Release of Prisoner Under Section 5296 of the Revised Statutes of the United States.—The petitioner was sentenced by the Federal Court to be imprisoned and to pay a fine. After serving the principal penalty and thirty days of the additional imprisonment imposed for failure to pay the fine, and while the Judge of the Federal Court and the United States Commissioner residing in San Juan were absent, the

carcelación por Habeas Corpus, fundando la solicitud en la sección 5296 de los Estatutos Revisados de los Estados Unidos. El Comisionado residente en Mayagüez no estaba ausente y el peticionario no podía sufragar los gastos para comparecer ante él. (*)

## Se resolvió :

Que el Comisionado. debe establecer mediante pruebas, el hecho de la insolvencia del prisionero, y una vez convencido de ella, debe entonces tomarle juramento y excarcelarle ;

Que el hecho de que haya solo un Comisionado en el Distrito y de que resida á una distancia de ocho millas próximamente de la cárcel, no cambia los requisitos de la ley ;

Que según la ley, el prisionero puede comparecer ante cualquier Comisionado del Distrito, y como el Distrito comprende toda la Isla de Puerto Rico, mientras haya un Comisionado dentro de la Isla, ninguna otra autoridad debe proceder á desempeñar sus funciones ;

Que cuando el Fiscal de los Estados Unidos se encuentra ausente, á una distancia de más de dos mil millas de los límites del Distrito, como su comparecencia y proposición de pruebas es discrecional, parece que puede prescindirse de la notificación que exige la ley, pues el Comisionado puede nombrar otro abogado que represente al Gobierno, ó proceder él mismo á practicar la prueba ; y,

Que ningún Juez tiene derecho á intervenir á virtud de una solicitud de habeas corpus, en los procedimientos que deben establecerse ante el Comisionado ó á dictar orden alguna que tienda á sustituir dichos procedimientos.

Los hechos están expresados en la opinión.

La solicitud fué presentada al Juez Asociado Sr. Mac-Leary en su despacho.

Abogado del peticionario : Sr. Falcón.

---

(*) Estatutos Revisados de los Estados Unidos, Sección 5296. Cuando un acusado insolvente haya sido condenado por una corte de los Estados Unidos á prisión y multa ó multa y costas, ó á pagar una multa, ó multa y costas, y haya sido confinado en prisión por treinta días, solamente por defecto del pago de dicha multa, ó multa y costas, puede hacer una solicitud por escrito á cualquier comisionado de la Corte de los Estados Unidos del Distrito en que esté detenido, expresando su imposibilidad de pagar dicha multa ó multa y costas, y previa notificación al Fiscal de los Estados Unidos, que puede comparecer, presentar pruebas y ser oido, el Comisionado procederá á oir y resolver el asunto. Si mediante un examen se convenciere de que dicho prisionero no está en condiciones de pagar dicha multa ó multa y costas, y que no tiene propiedad alguna de un valor mayor de veinte dollars,.con excepción de aquellas que por ley estén exentas de ser embargadas para pago de deudas, el Comisionado le tomará el siguiente juramento : "Solemnemente juro que no tengo propiedad alguna, mueble ó inmueble, por una suma mayor de veinte dollars, á excepción de los bienes que están exentos de ser embargados en procedimientos civiles, por deudas, según las leyes de (exprésese el Estado en donde se presta el juramento); y que no poseo bienes traspasados ú ocultados en ninguna forma para mi uso ó beneficio futuro. Así me ayude Dios." Después de prestar ese juramento, dicho prisionero será excarcelado ; y el Comisionado expedirá un certificado expresivo de estos hechos, y lo entregará al Alcaide de la Cárcel.

petitioner applied for a writ of *habeas corpus*, basing said application on section 5296 of the Revised Statutes of the United States. (*) There was a United States Commissioner residing at Mayagüez, but petitioner was unable to pay the necessary expenses in order to appear before him. *Held:*

(1)   That the Commissioner must hear the evidence and determine the fact of the prisoner's poverty, and upon satisfactory proof thereof, must administer the oath required by law and discharge the prisoner from custody.

(2)   That the fact that there is but one Commissioner in the district and that he resides at a distance of about eighty miles from the jail does not alter the requirements of the law.

(3)   That according to section 5296 the prisoner may appear before any Commissioner in the district, and as the district includes the whole island of Porto Rico, as long as there is one Commissioner in the island, no other authority should undertake to discharge his duties.

(4)   That when the United States Attorney is absent from the district, and it being optional with him whether or not he will appear and offer evidence, the notification required by law can be dispensed with, for the Commissioner can appoint some other attorney to represent the government or can proceed to hear the evidence himself.

(5)   That no judge has a right to interfere, on application for habeas corpus, with the proceedings which should be instituted before the United States Commissioner, or to impose an order substituting them.

The facts are set forth in the opinion.

The application was presented to Mr. Justice MacLeary, in chambers.

Mr. *Falcón*, for petitioner.

---

(*)   Revised Statutes of the United States.   Section 5296.   When a poor convict, sentenced by any court of the United States to be imprisoned and pay a fine, or fine and costs, or to pay a fine, or fine and costs, has been confined in prison thirty days, solely for the non-payment of such fine, or fine and costs, such convict may make application in writing to any Commissioner of the United States Court in the district where he is imprisoned setting forth his inability to pay such fine, or fine and costs, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the Commissioner shall proceed to hear and determine the matter.   If on examination it shall appear to him that such convict is unable to pay such fine, or fine and costs, and that he has not any property, exceeding twenty dollars in value, except such as is by law exempt from being taken on execution for debt, the Commissioner shall administer to him the following oath: "I do solemnly swear that I have not any property, real or personal, to the amount of twenty dollars, except such as is by law exempt from being taken on civil process for debts by the laws of (naming the State where oath is administered;) and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use and benefit.   So help me God".   Upon taking such oath such convict shall be discharged ; and the Commissioner shall give to the keeper of the jail a certificate setting forth the facts.

Abogado del Pueblo: *Sr. Feuille*, Assistant Attorney General.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión:

Esta es una solicitud de Habeas Corpus hecha por el Sr. Ramón Falcón, abogado que ejerce ante el Tribunal Supremo de Puerto Rico, á favor de Luis J. Barbé, que está preso en la Cárcel de San Juan cumpliendo dos sentencias dictadas contra él en 24 de Abril de 1902, por la Corte de Distrito de los Estados Unidos; la primera por seis meses, y la segunda por doce meses, y además una multa de cincuenta dollars que le fué impuesta al mismo tiempo.

La solicitud se funda en que el término de prisión del peticionario ha expirado, pues teniendo derecho á que se le abonen por buena conducta, cinco días por cada mes, que conceden las reglas de la cárcel, hecho ese abono, resultaría que su término había expirado el 24 de Agosto corriente. No hay discusión alguna con respecto á estos hechos, y la única cuestión que se presenta con respecto á la excarcelación del prisionero es la interpretación del artículo 5296 de los Estatutos Revisados de los Estados Unidos, que prescribe el procedimiento que ha de seguir un prisionero insolvente, condenado por una Corte de los Estados Unidos á prisión y multa, y que haya sufrido treinta días, ó más, de prisión, en defecto del pago de la multa. Se le exige "que haga solicitud por escrito á cualquier Comisionado de los Estados Unidos del Distrito en que estuviere detenido, expresando su imposibilidad de pagar dicha multa ó multa y costas y previa notificación al Fiscal de Distrito de los Estados Unidos, que puede comparecer, proponer pruebas y ser oido, el Comisionado procederá á oir y resolver el asunto". La Ley prescribe además que "si después de un examen el Comisionado se convenciere de que dicho prisionero no está en condiciones de pagar dicha multa, ó multa y costas, y que no tiene propiedad alguna cuyo valor exceda de veinte dollars, á excepción de aquella que por ley está exenta de

Mr. *Feuille*, Assistant Attorney General, for the People.

Mr. Justice MacLeary, delivered the following opinion:

This is an application for *habeas corpus* made by Ramón Falcón, Esq., an attorney and counselor-at-law, practicing in the Supreme Court of Porto Rico, in behalf of Luis J. Barbé, a prisoner in the jail at San Juan, serving out two sentences of the District Court of the United States pronounced against him on the 24th of April, 1902; the first for six months, and the second for twelve months, together with a fine of fifty dollars imposed at the same time.

The application is made on the ground that the time of the prisoner has expired, he being entitled to five days out of every month for good conduct, which the rules of the prison give, and allowing which would cause his time to expire on the 24th of August current. There is no dispute about these facts, and the only question concerning the liberation of the prisoner is the construction of article 5296 of the Revised Statutes of the United States, which prescribes the method to be pursued by a poor convict sentenced by any court of the United States to be imprisoned and pay a fine, who has been fined, and imprisoned for thirty days or more for the nonpayment of the fine. He is required "to make application in writing to any Commissioner of the United States Court in the district where he is imprisoned, setting forth his inability to pay such fine or fine and costs and after notice to the District Attorney of the United States who may appear, offer evidence and be heard, the commissioner shall proceed to hear and determine the matter." The law further provides that, "If on examination it shall appear to him (the commissioner) that such convict is unable to pay such fine, or fine and costs, and that he has not any property exceeding twenty dollars in value, except such as is by law exempt from being taken on execution for debt the commissioner shall administer to him an oath" the form of which is set out in the statute. The law further states that upon taking such oath the convict shall be

ser embargada por deudas, el Comisionado le tomará juramento" la forma del cual se expresa en el estatuto.   La Ley expresa, además, que una vez que el prisionero haya prestado dicho juramento, se le excarcelará, y el Comisionado expedirá un certificado al Alcaide de la Cárcel expresivo de los hechos.

El prisionero, para evitar los efectos de esta ley, expresa en su solicitud que el Hon. Juez de la Corte Federal está ausente en los Estados Unidos, haciendo uso de sus vacaciones, y el Comisionado residente en San Juan está también ausente, y aparece de la prueba que el Fiscal de Distrito de los Estados Unidos, y el Marshal de los Estados Unidos, están también en los Estados Unidos, haciendo uso de sus vacaciones; pero aparece que ha quedado en la isla de Puerto Rico un Comisionado que reside en la ciudad de Mayagüez, cuyo nombre es William Falbe, con el cual el prisionero y el Alcaide de la Cárcel han tenido alguna correspondencia.

El día 25 de Agosto el Alcaide informó al Comisionado que "Prisionero federal Luis J. Barbé ayer cumplió su sentencia, incluyendo treinta días por multa; fué conducido á la Oficina del Comisionado de los Estados Unidos, pero el Comisionado está en los Estados.   Informe lo que debe hacerse", recibiendo el siguiente telegrama en contestación: "Supongo que Luis J. Barbé es un prisionero insolvente, si es así los procedimientos que han de seguirse están prescritos en la sección 1042 de los Estatutos Revisados," El Comisionado Sr. Falbe indudablemente que no se ha fijado en el hecho de que esta sección de los Estatutos Revisados ha sido enmendada y restablecida por la número 5296, á que en la presente hemos hecho referencia.   A este telegrama respondió el Alcaide, al siguiente día, 26 de Agosto: "con referencia al prisionero insolvente Barbé ¿puede usted tomarle juramento y ordenar su excarcelación si se lleva ante usted?" á lo que el Sr. Falbe, el Comisionado, contestó: "no piense que yo pueda hacerlo porque los Estatutos prescriben que

discharged, and the commissioner shall give to the warden of the jail a certificate setting forth the facts.

The prisoner to avoid the effect of this law, sets out in his application that the Hon. Judge of the Federal Court is absent in the United States, spending his vacation, and the commissioner resident in San Juan is also absent, and it appears from the evidence that the United States District Attorney and the United States Marshal are also spending their vacations in the United States; but there appears to be left in the Island of Porto Rico a commissioner residing in the city of Mayagüez, by the name of William Falbe with whom the prisoner and the warden of the jail have had some correspondence.

On the 25th of August the warden informs the commissioner that "Federal prisoner Luis J. Barbé yesterday completed his sentence including thirty days for fine; was taken to office of United States commissioner but the commissioner is in the States. Advise what action necessary" to which he received the following telegram in reply: "I suppose Luis F. Barbé is a poor convict, if so, proceedings are described in section 1042 Revised Statutes." Mr. Falbe, the commissioner, evidently overlooked the fact that this section of the Revisen Statutes had been amended and re-anacted by section 5296 hereinbefore referred to. To this, on the next day, the 26th. of August, the warden replied: "Reference poor convict Barbé, can you administer oath and order release if brought before you"? to which Mr. Falbe, the commissioner answered: "Don't think I can do it because statutes provide that District Attorney be notified. Advise you to see the Marshal."

This is all the correspondence which appears from the records to have passed between the warden and the commissioner. No application appears to have been made in proper form, to the commisioner, and he does not appear to have taken any official action in the matter, further than to advise a compliance with the law.

It is urged in behalf of the prisioner that he is unable to

se notifique al Fiscal del Distrito. Le aconsejo que vea al Marshal."

Esta es toda la correspondencia que, según los autos, aparece haberse cruzado entre el Alcaide y el Comisionado. No aparece que se haya hecho solicitud alguna, en debida forma, al Comisionado, ni aparece tampoco que él haya tomado oficialmente ninguna resolución con respecto á este asunto, á no ser la de aconsejar que se cumpliera la ley.

Se alega en favor del prisionero que no está en condiciones de comparecer ante el Comisionado, por carecer de dinero para pagar sus gastos de viaje, no habiendo tampoco ley alguna que imponga al Alcaide la obligación de conducirle á Mayagüez. Si al Comisionado se le ha suplicado que venga á San Juan para resolver este asunto, no se ha presentado prueba alguna con respecto á este hecho. La Ley impone al Comisionado ciertas facultades judiciales. Él debe tomar en consideración las pruebas que se aduzcan y resolver el hecho de la insolvencia del prisionero, y una vez que esté satisfecho con respecto á este particular, puede tomarle juramento y excarcelar al prisionero. El hecho de que se encuentre solamente un Comisionado en el Distrito, y que resida á una distancia de ocho millas próximamente de la Cárcel, no cambia los requisitos de la ley. Claramente se expresa en los Estatutos que él puede comparecer ante cualquier Comisionado del Distrito, y el Distrito en este caso comprende toda la isla de Puerto Rico. Mientras haya un Comisionado dentro de la isla y del Distrito, ninguna otra autoridad debería proceder á desempeñar sus deberes.

Podría alegarse que él no puede actuar á causa de la ausencia del Fiscal de Distrito de los Estados Unidos, pero como la ley exige que se notifique al Fiscal, y deja á su discreción el comparecer ó nó, y proponer pruebas, me parece que en los casos en que se encuentre ausente del Distrito, y á una distancia de más de dos mil millas de sus límites, podría prescindirse de esta notificación y el Comisionado podría nombrar algún otro abogado que representara

appear before the commisioner, not having the money where-with to pay his traveling expenses, and there being no law requiring the warden to transfer him to Mayagüez. If the commissioner has been requested to come to San Juan in order to hear the case there is no evidence of that fact. The law imposes on the commissioner certain judicial powers. He must hear evidence and determine the fact of the prisoners poverty, then having been satisfied on that point, he can administer an oath and release the prisoner. The fact that only one commissioner is in the district, and he resides at a distance of about eighty miles from the jail does not alter the requirements of the law. It is plainly stated in the statutes that he may appear before any commissioner in in the District, and the District in this case consists of the whole Island of Porto Rico. So long as there is a commissioner within the Island and the District, no other authority should undertake to discharge his duties.

It may be urged that he cannot act on account of the absence of the United States District Attorney, but as the law requires the attorney to be notified and leaves it optional with him whether or not he will appear and offer evidence, it seems to me that in cases where he is absent from the district, and at a distance of more than two thousand miles beyond its borders, that this notification could be dispensed with, and that the commissioner could appoint some other attorney to represent the interests of the government, or could proceed to take the evidence himself. At any rate, he could on proper inquiry ascertain the facts and determine whether or not the convict falls within the class prescribed in the statute, that is to say, whether or not he had any property or money wherewith to satisfy the fine. If the commissioner determines this point in favor of the applicant, he should then administer to him the statutory oath, and order his release.

Whether it is the duty of the commissioner to leave his residence and come to the city in which the jail is situated

los intereses del Gobierno, ó podría proceder él mismo á practicar la prueba. De todos modos, él podría, mediante una debida investigación, determinar los hechos y resolver si el prisionero cae ó nó dentro de la clase á que se refiere el estatuto, es decir, si él posee ó nó bienes ó dinero con qué satisfacer la multa. Si el Comisionado resuelve este punto en favor del solicitante, debe entonces tomarle el juramento prescrito por el estatuto y ordenar su excarcelación.

Si es ó nó deber del Comisionado dejar su residencia y venir á la ciudad en que esté situada la cárcel para hacer la investigación del caso, es una cuestión que él mismo debe resolver. Si la ley es tan defectuosa que impone al prisionero dificultades ó gastos para cumplir con sus disposiciones, estos defectos· deben ser remediados por el Congreso y nó por las Cortes.

Tomando en consideración todos los hechos del caso, así como el derecho aplicable á los mismos, opino que ningún Juez tiene derecho á intervenir, á virtud de una solicitud de habeas corpus, en los procedimientos que deberían establecerse ante el Comisionado, ó á dictar órdenes que tiendan á sustituir dichos procedimientos. Por las razones aquí expresadas, y aunque de los hechos expuestos parece deducirse que el prisionero tiene derecho á su libertad, esta solicitud debe ser denegada.

in order to hear the case, is a matter which he must determine for himself. If the law is so defective as to make it inconvenient or expensive to the convict to comply with its requirements, these defects must be remedied by Congress, and not by the courts.

Taking all the facts of the case into consideration, and the law which governs them, I am of the opinion that no judge has a right to interfere, on application for *habeas corpus*, with the proceedings which should be instituted before the commissioner, or to interpose an order substituting them.

For the reasons herein given, although it seems from the facts stated that the prisoner is entitled to his liberty, this application must be denied.